# UNITED STATES BANKRUPTCY COURT
NORTHERN    **DISTRICT OF** ILLINOIS
EASTERN DIVISION

In re:   STEPHEN E. HARRIS                 §     Case No.  14-37722
                                          §            Hon. DEBORAH L. THORNE
                                          §            Chapter 7
                                          §
                                          §
         Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter 13  of the United States Bankruptcy Code was filed on
10/17/2014_____ .  The case was converted to one under Chapter 7 on 06/05/2015_____ .
The undersigned trustee was appointed on 06/05/2015_____ .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor
as exempt property pursuant to 11 U.S. C. § 522, or have been or will be abandoned pursuant to 11 U.S.
C. § 554. An individual estate property record and report showing the disposition of all property of the
estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                          $6,000.00

     Funds were disbursed in the following amounts:

     Payments made under an interim distribution_____
     Administrative expenses                   _____
     Bank Service Fees                                    $41.85
     Other payments to creditors               _____
     Non-estate funds paid to 3rd Parties      _____
     Exemptions paid to the debtor             _____
     Other payments to the debtor              _____

     Leaving a balance on hand of [1]                     $5,958.15

The remaining funds are available for distribution.

**UST Form 101-7-TFR (5/1/2011)**

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was 10/16/2015 _____ and the deadline for filing governmental claims was 10/16/2015 _____ .  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is _____ $1,350.00 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received _____ $0.00 as interim compensation and now requests the sum of _____ $1,350.00 , for a total compensation of _____ $1,350.00 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of _____ $0.00 , and now requests reimbursement for expenses of _____ $24.54 , for total expenses of _____ $24.54 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/22/2015 _____     By:  /s/ ALLLAN J. DeMARS

                                                    Trustee

**STATEMENT**:  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**EXHIBT "A" FORM 1B**

## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Case No._14-37722_____

Case Name:__STEPHEN E. HARRIS_____

For Period Ending:___3/31/16_____

Trustee Name:__Allan J. DeMars_____

Date Filed (f) or Converted (c):_10/17/14 (f)_
converted 6/5/15
§341(a) Meeting Date:_7/8/15_____

Claims Bar Date:_10/16/15_____

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref # | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | home at 412 Fleetwood Dr. Waynsevill, MO | 120,698.00 | 0.00 | | 0.00 | FA |
| 2 | residence at 138 Park Plaza Ct., Canton, IL (tenants by the entirety) | 104,547.00 | 0.00 | | 0.00 | FA |
| 3 | checking USAA | 200.00 | 0.00 | | 0.00 | FA |
| 4 | savings USAA | 4.00 | 0.00 | | 0.00 | FA |
| 5 | checking/savings Mid Missouri CU | 350.00 | 0.00 | | 0.00 | FA |
| 6 | checking IBC Bank | 19.00 | 0.00 | | 0.00 | FA |
| 7 | savings Pen Fed CU | 23.00 | 0.00 | | 0.00 | FA |
| 8 | security deposit with landlord | 575.00 | 0.00 | | 0.00 | FA |
| 9 | 1/2 interest in home furnishings (full value is $1500) | 750.00 | 0.00 | | 0.00 | FA |
| 10 | personal clothing | 300.00 | 0.00 | | 0.00 | FA |
| 11 | 3 shotguns | 300.00 | 0.00 | | 0.00 | FA |
| 12 | term life through Army | 0.00 | 0.00 | | 0.00 | FA |
| 13 | term life insurance | 0.00 | 0.00 | | 0.00 | FA |
| 14 | army pension | 0.00 | 0.00 | | 0.00 | FA |
| 15 | 2010 Ford F150 | 21,000.00 | 6,000.00 | | 6,000.00 | FA |
| 16 | 2011 Buick Regal - debtor has 1/2 interest (full value is $14000) | 7,000.00 | 0.00 | | 0.00 | FA |

| 17 | 2011 Palomino Puma camper which has been surrendered original scheduled value 19361; current value $0 | 19,361.00 | 0.00 | 0.00 | FA |

TOTALS (Excluding unknown values)                     275,127.00                          6.000.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing:

Initial Projected Date of Final Report (TFR):    October, 2015          Current Projected Date of Final Report (TFR):    10/29/15

EXHIBIT "A" - FORM 2
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 14-37722
Case Name: STEPHEN E. HARRIS
Taxpayer ID#: xxxxxx6732
For Period Ending: 3/31/16

Trustee's Name: Allan J. DeMars
Bank Name: WELLS FARGO
Initial CD #: CDI
Blanket bond (per case limit): 5,000,000
Separate bond (if applicable):
Checking acct#: xxxxxx6944

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct. Balance |
| 8/24/15 | Ref 15 | Stephen E. Harris | right, title and interest in 2010 Ford F150 (Docket 74) | 1129-000 | 6,000.00 | | 6,000.00 |
| 9/22/15 | | Wells Fargo | check printing charges | 2600-000 | | 41.85 | 5,958.15 |
| 9/30/15 | | Wells Fargo | monthly service fee | 2600-00 | | 5.00 | 5,953.15 |
| | | | reversal of service charge | 2600.00 | | (5.00) | 5,958.15 |
| | | | | | | | |
| | | | | | | | |

COLUMN TOTALS   6,000.00   41.85   5,958.15

Less: Bank transfers/CD
Subtotal
Less: Payments to debtor(s)
Net            6,000.00      41.85      5,958.15

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | BALANCES |
|---|---|---|---|
| Checking# xxxxxx6944 | 6,000.00 | 41.85 | 5,958.15 |
| Money Market # | | | |
| Savings # | | | |
| CD #CDI | | | |
| Net | 6,000.00 | 41.85 | 5,958.15 |
| | Excludes account transfers | Excludes payments to debtor | Total Funds on Hand |

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 14-37722
Case Name: STEPHEN E. HARRIS
Trustee Name: ALLAN J. DeMARS

**Balance on hand:**                                        $5,958.15

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 | $0.00 |

Total to be paid to secured creditors:                $0.00
Remaining balance:                                        $5,958.15

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Trustee, Fees* ALLAN J. DeMARS | $1,350.00 | $0.00 | $1,350.00 |
| *Trustee, Expenses* ALLAN J. DeMARS | $24.54 | $0.00 | $24.54 |
| *Attorney for Trustee, Fees* ALLAN J. DeMARS | $2,090.00 | $0.00 | $2,090.00 |
| *Attorney for Trustee, Expenses* ALLAN J. DeMARS | $0.00 | $0.00 | $0.00 |
| *Accountant for Trustee, Fees* | | | |
| *Accountant for Trustee, Expenses* | | | |
| *Auctioneer, Fees* | | | |
| *Auctioneer, Expenses* | | | |
| *Charges,* U.S. Bankruptcy Court | | | |
| *Fees, United States Trustee* | | | |
| *Other* | | | |

Total to be paid for chapter 7 administrative expenses :        $3,464.54
Remaining balance:                                                      $2,493.61

**UST Form 101-7-TFR (5/1/2011)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Total Requested* | *Interim Payments to Date* | *Proposed Payment* |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for                          , Fees* | | | |
| *Attorney for                          , Expenses* | | | |
| *Accountant for                          , Fees* | | | |
| *Accountant for                          , Expenses* | | | |
| *Other* | | | |

Total to be paid for prior chapter administrative expenses:                 $0.00

Remaining balance:                 $2,493.61

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____ $0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | *Allowed Amount of Claim* | *Interim Payments to Date* | *Proposed Payment* |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for priority claims:                 $0.00

Remaining balance:                 $2,493.61

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____ $45,247.79  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ 5.5  percent, plus interest (if applicable).

**UST Form 101-7-TFR (5/1/2011)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Military Credit Services | $2,330.72 | $0.00 | $128.45 |
| 4 | USAA Federal Savings Bank | $4,314.30 | $0.00 | $237.76 |
| 5 | USAA Federal Savings Bank | $2,455.36 | $0.00 | $135.31 |
| 6 | Army & Air Force Exchange Services | $7,694.72 | $0.00 | $424.06 |
| 7 | Banterra Bank | $13,014.93 | $0.00 | $717.25 |
| 9 | USAA Federal Savings Bank | $6,136.01 | $0.00 | $338.16 |
| 10 | World's Foremost Bank | $7,607.34 | $0.00 | $419.24 |
| 11 | Portfolio Recovery Assoc. successor to Synchronny Bank | $1,694.41 | $0.00 | $93.38 |

Total to be paid for timely general unsecured claims: $2,493.61

Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ 0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims: $0.00

Remaining balance: $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ 0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for subordinated claims: $0.00

Remaining balance: $0.00

**UST Form 101-7-TFR (5/1/2011)**